**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,     )
     )
    v.     )    I.D. No. 1308015243
     )
ROBERT ADGER,     )
     )
    Defendant.     )

Date Submitted:   December 11, 2020
Date Decided:   February 1, 2021

**ORDER**

Upon consideration of Defendant's Motion for Modification of Sentence (the "Motion"),[1] Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.    On March 10, 2014, Defendant pled guilty to Home Invasion, Possession of a Firearm During the Commission of a Felony ("PFDCF"), and Second-Degree Conspiracy.[2] On September 5, 2014, Defendant was sentenced as follows: for Home Invasion, 6 years at Level V; for PFDCF, 3 years at Level V; and for Second-Degree Conspiracy, 2 years at Level V, suspended for 18 months at Level III.[3]

---

[1] D.I. 32.
[2] D.I. 9.
[3] D.I. 15.

2. On September 26, 2016, Defendant filed his first Motion for Modification of Sentence, which the Court denied on February 17, 2017.[4] On September 17, 2018, Defendant filed his second Motion for Modification of Sentence, which the Court denied on September 20, 2018.[5]

3. On December 11, 2020, Defendant filed his third Motion for Modification of Sentence—the instant Motion.[6] In his Motion, Defendant asks the Court to "substitute, suspend[,] or grant a[n] early probation release in light of the COVID-19."[7] In support of his request, Defendant explains that he has contracted COVID-19 while at Howard R. Young Correctional Institute, a development that he feels has halted his rehabilitation progress.[8]

4. Superior Court Criminal Rule 35(b) governs the modification and reduction of sentences.[9] Pursuant to Rule 35(b), a motion to modify a sentence of imprisonment must be filed no later than 90 days after the sentence is imposed.[10] The Court may consider an untimely motion only if the defendant shows "extraordinary circumstances" or the Department of Correction files an application for good cause shown pursuant to 11 *Del. C.* § 4217.[11] Rule 35(b) also allows the

---

[4] D.I. 19, 24.
[5] D.I. 30, 31.
[6] D.I. 32.
[7] *Id.*
[8] *Id.*
[9] Super. Ct. Crim. R. 35(b).
[10] *Id.*
[11] *Id.*

2

Court to reduce the term or conditions of partial confinement or probation at any time.[12]  Lastly, Rule 35(b) prohibits the Court from considering "repetitive requests for reduction of sentence."[13]  A motion is repetitive when it is "preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[14]

5. Here, the Court is unclear whether Defendant is requesting modification of the Level V portion of his sentence—which he is currently serving[15]—or the Level III portion of his sentence that will follow.  If Defendant is asking the Court to modify the Level V portion of his sentence, his Motion is time barred because he filed it more than 90 days after his sentence was imposed.  Defendant's sentence was imposed on September 5, 2014, and Defendant filed the instant Motion on December 11, 2020.  The Department of Correction has not filed an application for good cause shown, so that exception to the time bar is unavailable.  And Defendant has not shown "extraordinary circumstances" that would warrant modifying his sentence past the 90-day deadline.[16]

---

[12] *Id.*

[13] *Id.*

[13] *Id.*

[14] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

[15] *See* D.I. 32 (stating that, as of December 8, 2020, Defendant "has completed 7 ½ years of a term of imprisonment and only has 8 months remaining on his level 5 incarceration time").

[16] Indeed, the Delaware Supreme Court has concluded that the argument "that a diagnosis of COVID-19 establishes extraordinary circumstances" is "without merit."  *Williams v. State*, 2020 WL 7311325, at *1 (Del. Dec. 10, 2020) (citation omitted).  To the extent that Defendant means to argue that his "specific individual medical condition warrant[s] sentence modification, an application by [the Department of Correction] under § 4217 is the proper vehicle to deliver such relief."  *Id.* (citing *Johnson v. State*, 2020 WL 5626231, at *2 (Del. Sept. 18, 2020)).

6.     If Defendant means to ask the Court to modify the Level III portion of his sentence—thereby evading Rule 35(b)'s time bar—the Court must deny his Motion for a different reason:  it is repetitive.  As noted above, the instant Motion for Modification of Sentence is Defendant's third.

7.     The Court finds that Defendant's sentence is appropriate for all of the reasons stated at the time of sentencing.  No additional information has been provided to the Court that would warrant a modification of Defendant's sentence.

**NOW, THEREFORE, IT IS ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED.**

*Jan R. Jurden*

Jan R. Jurden, President Judge

Original to Prothonotary

cc:     Robert Adger (SBI# 00385715)
        A.J. Roop (DAG)